IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Tyrone Barker, #268957, ) | |
| ) | Civil Action No. 8:05-3365-GRA-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| State of South Carolina; and Henry ) | |
| D. McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, Tyrone Barker, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have filed a return and motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

### CONVICTION AND DIRECT APPEAL

The record reveals that the petitioner is currently incarcerated in the Trenton Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to orders of commitment from the McCormick County Clerk of Court. He was charged with trafficking in crack cocaine, 10-28 grams, second offense. (R. 114-15.).

On August 29, 2000, the petitioner pled guilty as charged before the Honorable Mark H. Westbrook. Judge Westbrook sentenced him to ten years imprisonment. (R. 1-39.) Judge Westbrook also revoked the petitioner's probationary sentence which he had received on November 9, 1999, and November 11, 1997. Judge Westbrook revoked the petitioner's suspended sentences and ordered that the petitioner serve five years for criminal domestic violence of a high and aggravated nature (99-GS-35-353), one year

possession of a pistol by a person under 21 (97-GS-35-389) and thirty days for simple assault.

The petitioner did not appeal his guilty plea or probation revocation.

**PCR APPLICATION**

The petitioner filed an Application for Post-Conviction Relief (PCR) (2001-CP-35-102) on September 10, 2001.

He raised the following grounds for relief in his Application:

> 1. Subject Matter Jurisdiction
>
> 2. Ineffective Assistance of Counsel.
>
> 3. Involuntary Guilty Plea
>
> 4. Subject matter jurisdiction can be raised at anytime.
>
> 5. Applicant[']s conviction was obtained pursuant to the violation of the constitution's sixth amendment guarantee of effective assistance of counsel.
>
> 6. Failure to retain counsel to provide adequate representation can render a trial so fundamentally unfair as to violate the 14th Amendment.
>
> 7. Counsel was ineffective for failure to advise applicant that he could have been convicted of the lesser offense had he went to trial.
>
> 8. Applicant[']s conviction was unlawfully induced and not made voluntary with the understanding of the serious nature of the charge or the consequence.
>
> 9. Counsel failed to object to an invalid indictment
>
> 10. Counsel failed to challenge the chain of custody of the Alledged (sic) drug
>
> 11. Counsel failed to raise the 4 Amendment violation of Illegal Search and Seizure as th a defense
>
> 12. Applicant[']s guilty plea failed to comply with the mandates set forth in *Boykn  v. Alabama*
>
> 13. Applicant entered plea of guilty based on erroneous advise of counsel

(R. 41-45.)  The Honorable James R. Barber, III, granted relief, vacated the conviction and remanded the case for a new trial in an Order, dated April 26, 2002. ( R.  111-13.) Judge

Barber's Order was based only on four allegations of ineffective assistance of counsel: counsel's failure to (1) investigate the case; (2) adequately interview witnesses; (3) determine any plausible defense; and (4) inform Petitioner that no analysis had been done on the drugs. *See id.* The petitioner's other grounds for PCR relief were not specifically addressed.

On May 12, 2003, the State filed a Petition for Writ of Certiorari, wherein they presented the following question:

> 1. Is there evidence to support the lower court's conclusion that trial counsel was ineffective?

(Return Ex. Misc. at 17.)  The South Carolina Supreme Court reversed the PCR court's decision in a Memorandum Opinion filed on October 11, 2004.  (Return Ex. Misc. at 57-61.) The South Carolina Supreme Court sent the Remittitur to the McCormick County Clerk of Court on October 27, 2004.  (Return Ex. Mis. at 62.)

### FEDERAL HABEAS CORPUS PETITION

On December 5, 2005, the petitioner delivered a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  *See Houston v. Lack*, 487 U.S. 266 (1987). The respondents filed a return and motion for summary judgment on February 27, 2006.

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999).  A court may not construct the

petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

## DISCUSSION

**I.     ONE YEAR PERIOD OF LIMITATIONS**

The respondents contend that Barker's petition should be dismissed as it was filed outside of the one-year period of limitations prescribed by Section 2254. *See* 28 U.S.C. § 2244(d)(1). The relevant portion of Section 2244(d)(1), states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and that the "limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Section 2244(d)(2), however, tolls the one year period during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

The petitioner was charged with trafficking in crack cocaine, 10-28 grams, second offense. (R. 114-15.) As stated, the petitioner pled guilty on August 29, 2000. The petitioner did not appeal his guilty plea or probation revocation.

Thus, the petitioner's state court conviction became final ten days later, on September 8, 2000. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed"). Unless tolled by the pendancy of an application for post-

5

conviction or other collateral review, the petitioner, therefore, had one year from that date to file his habeas petition.

The petitioner did not file his state PCR Application, however, until September 10, 2001, approximately 367 days after his conviction became final. (R. at 41-45.) Accordingly, the petitioner had exhausted the entire 1-year statutory period for filing his federal habeas petition by the time he had filed his state PCR application.

After the decision of the PCR court granting the petitioner's application was reversed by the South Carolina Supreme Court, the Remittitur was sent to the McCormick County Clerk of Court on October 27, 2004. (Return Ex. Mis. at 62.) Therefore, the pendency of the petitioner's state PCR application finally concluded on or about January 25, 2005, when the ninety (90) day period for filing a petition for certiorari with the United States Supreme Court ended.

The *Houston v. Lack*, 487 U.S. 266 (1987) "delivery" date for Barker's *pro se* Petition for Writ of Habeas Corpus was November 29, 2005, approximately 302 days after the termination of the pendency of his PCR application.[1] Accordingly, nearly 669 days, of untolled time, have elapsed since the petitioner's conviction became final. His petition, therefore, is untimely. With the exception of an objection not relevant here, the petitioner expressly "concurs with the Respondents version of the 'Procedural History'" and does not otherwise reject the contention that his petition is untimely. (Resp. Mot. Summ. J. at 1.)

**II.    EXHAUSTION OF REMEDIES**

The petitioner has also failed to exhaust either of the grounds for relief which are the subject of his present petition. The petitioner must exhaust all available state court procedures prior to seeking federal court review of his claim. 28 U.S.C. §2254(b)(1)(A); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first

---

[1] The respondents represent that only 33 days elapsed between the remittitur and the filing of the federal petition, apparently confusing the years. The Court has attempted to thoroughly examine the record and it appears that, in fact, 302 days elapsed. The difference is of no consequence, because the petition is out of time by either calculation.

opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement includes both administrative and state court remedies. *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir.1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus"); *Crosby v. Warden, Roxbury Correctional Institution*, 2004 WL 2294665 (4th Cir. Oct 08, 2004) (Unpublished) (citing *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir.2002) (state prisoner bringing § 2241 petition must exhaust state and administrative remedies).

In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirement as follows:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced . . . .

*Id.* at 910-11 (citations omitted).

The petitioner raises two grounds for relief in his pro se Petition for Writ of Habeas Corpus:

> **Ground One:** The sentence of ten years, non parolable, received by the Petitioner exceeds the maximum authorized by law.
>
> **Ground Two:** Conviction obtained by a plea of guilty which was unlawfully induced to Court's lack of subject matter jurisdiction.

The petitioner did not obtain a ruling on either grounds in the state PCR court and neither issue was presented to the state supreme court, (R. 111-12). *See Matthews*, 105 F.3d at 912. Thus, neither allegation was exhausted in state court. The petitioner,

7

however, cannot cure these deficiencies because any future PCR application would be barred as successive under S.C. Code Ann. § 17-27-90 (1985); *Aice v. State*, 409 S.E.2d 392 (S.C. 1991), and untimely under the one-year statute of limitations which governs the filing of PCR actions, S.C. Code Ann. § 17-27-45(A).

Accordingly the Court is barred from considering the petition absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Matthews*, 105 F.3d at 916. The petitioner has not even attempted to make such a showing. Therefore, the Court "cannot address the merits of his claim[s] . . . ." *Id*.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be GRANTED.

IT IS SO ORDERED AND RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

August 3, 2006
Greenville, South Carolina